## 2353.  JOHNSON *v.* THE STATE.

1. Where an accusation stated the name of the defendant as *Cornelia* Johnson, and the affidavit upon which the accusation was based stated the name of the defendant as *Cornelius* Johnson, the question as to the identity of the defendant named in the accusation with the defendant named in the affidavit should have been made by a special plea in abatement. Identitate personæ, and not identitate nominis, constitutes the true and only issue.
2. The evidence clearly established the venue. The evidence, while not entirely satisfactory, was sufficient to show the guilt of the defendant. The trial court committed no ·material error of law, and the judge of the superior court did not err in dismissing the certiorari.

Certiorari; from Fulton superior court—Judge Pendleton. November 10, 1909.

Argued February 21,—Decided March 11, 1910.

*Lowndes Calhoun,* for plaintiff in error.

*C. D. Hill, solicitor-general, Lowry Arnold, solicitor,* contra.

Hill, C. J. Cornelia Johnson was convicted, in the criminal court of Atlanta, of selling intoxicating liquors, and petitioned the superior court of Fulton county for a writ of certiorari. The writ was granted, and on the hearing the certiorari was dismissed; and this judgment is assigned as error. The accused was tried on an accusation which gave her name as *Cornelia* Johnson. This accusation was based on an affidavit which stated the defendant's name as *Cornelius* Johnson. After conviction, the accused made a motion in arrest of judgment, on the ground that the accusation was not based upon any affidavit as required by the statute, and that an affidavit charging Cornelius Johnson with the offense of selling liquor was not sufficient upon which to base an accusation charging Cornelia Johnson with that offense. The court overruled the motion in arrest of judgment, and this ruling is one of the errors assigned in the petition for certiorari. No special plea in abatement setting up the alleged misnomer was filed; nor was there any pretense that the defendant who was tried and convicted as Cornelia Johnson was not in fact the same person named in the affidavit upon which the accusation was based, as Cornelius Johnson. The identity of the person tried and convicted as the person against whom the affidavit was made was not controverted. Doubtless the classic name of Cornelia was frequently perverted by the defendant's friends and acquaintances into that of Cornelius. But in any event, if the error in orthography was not too trivial for legal procedure, the proper remedy would have been a special plea in abatement, and not a motion in arrest.

The other errors assigned in the petition for certiorari were eliminated from the case by the judge's answer to the writ. In this court the question is for the first time raised in this case that the venue was not shown. This being a jurisdictional question, it can be made here under the general assignments of error. But an examination of the evidence set out in the petition for certiorari, and in the answer to the writ, shows that the venue was proved. The police officer who made the arrest testified that defendant, Cornelia Johnson, "lived at 47 Johnson avenue, Atlanta, Fulton county, Georgia;" and several witnesses testified that they bought whisky "at Cornelia Johnson's," and one witness testified to a sale that took place "at Cornelia Johnson's house." This evidence together, we think, shows the venue.　　　　　　　*Judgment affirmed.*